UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE JPMORGAN TREASURY FUTURES SPOOFING LITIGATION | Case No.: 1:20-cv-03515 (PAE) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**[PROPOSED]**
**ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT,
SCHEDULING HEARING FOR FINAL APPROVAL THEREOF, AND
APPROVING THE PROPOSED FORM AND PROGRAM OF NOTICE TO THE CLASS**

Plaintiffs Charles Herbert Proctor, III, Synova Asset Management, LLC, Robert Charles Class A, L.P., Thomas Gramatis, Budo Trading LLC, Kohl Trading LLC, M & N Trading, L.L.C., Port 22, LLC, and Rock Capital Markets, LLC (collectively, "Class Plaintiffs") and the Settlement Class having applied for an order preliminarily approving the proposed settlement ("Settlement") of this Action against Defendants JPMorgan Chase & Co., J.P. Morgan Clearing Corp. (now known as J.P. Morgan Securities LLC), J.P. Morgan Securities LLC, and J.P. Morgan Futures, Inc. (now known as J.P. Morgan Securities LLC) (collectively, "JPMorgan" or "Defendants") in accordance with the Stipulation and Agreement of Settlement entered into on September 8, 2021 (the "Settlement Agreement") between Class Plaintiffs and JPMorgan; the Court having read and considered the Settlement Agreement and accompanying documents; and Class Plaintiffs and JPMorgan (collectively, the "Parties") having consented to the entry of this Order,

NOW, THEREFORE, on this 9th day of December, 2021, upon application of the Parties,

**IT IS HEREBY ORDERED** that:

1.  Except for the terms expressly defined herein, the Court adopts and incorporates the definitions in the Settlement Agreement for the purposes of this Order.

2.  The Court finds that it has subject matter jurisdiction to preliminarily approve the Settlement Agreement, including all exhibits thereto, and the Settlement contained therein under 28 U.S.C. § 1331, and that it has personal jurisdiction over Class Plaintiffs and JPMorgan (in this Action only and for purposes of this Settlement only), and all Class Members.

3.  Solely for purposes of the Settlement, the Settlement Class is hereby preliminarily certified and maintained as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Court finds that the applicable provisions of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied and that the Court will likely be able to

approve the Settlement and certify the Settlement Class for purposes of judgment. The Settlement Class is defined as:

> All Persons and entities wherever located that transacted in U.S. Treasury Futures or Options on U.S. Treasury Futures on United States-based exchanges, including but not limited to the Chicago Mercantile Exchange, including its subsidiary the Chicago Board of Trade, from April 1, 2008 through January 31, 2016 (the "Class Period"). Excluded from the Settlement Class are (i) any judicial officer presiding over this Action, and the members of his or her immediate family and judicial staff; (ii) the United States Government; and (iii) the Defendants and any past or present parent, subsidiary, affiliate or division of any Defendant; provided, that any Investment Vehicle shall not be excluded from the Settlement Class, but under no circumstances may JPMorgan (or any of its past or present parents, subsidiaries, affiliates, or divisions) receive a distribution for its own account from the Settlement Fund through an Investment Vehicle. Also excluded from the Settlement Class is any Person or entity who or which properly excludes himself, herself, or itself by filing a valid and timely request for exclusion in accordance with FED. R. CIV. P. 23(c) and in accordance with the procedure to be established by the Court.

4. The Court hereby appoints Lowey Dannenberg, P.C. and Kirby McInerney LLP as Class Counsel to such Settlement Class for purposes of the Settlement, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

5. The Court appoints A.B. Data, Ltd. as Settlement Administrator for purposes of the Settlement.

6. Class Plaintiffs are hereby appointed as representatives of the Settlement Class.

7. A hearing will be held on <u>March 4, 2022 at 4 p.m.</u> in Courtroom 1305 of this Courthouse before the undersigned, to consider the fairness, reasonableness, and adequacy of the Settlement (the "Fairness Hearing"). The foregoing date, time, and place of the Fairness Hearing shall be set forth in the Class Notice, which is ordered herein, but shall be subject to adjournment or change by the Court without further notice to the

Class Members, other than that which may be posted at the Court or on the Settlement website at www.treasuryfuturesclassactionsettlement.com.

8. The Court reserves the right to approve the Settlement at or after the Fairness Hearing with such modifications as may be consented to by the Parties and without further notice to the Settlement Class.

9. The terms of the Settlement Agreement are hereby preliminarily approved. The Court finds that the Settlement was entered into at arm's-length by experienced counsel and is sufficiently within the range of reasonableness, fairness, and adequacy, and that notice of the Settlement should be given as provided in this Order because the Court will likely be able to approve the Settlement under Rule 23(e)(2) of the Federal Rules of Civil Procedure. The terms of the Distribution Plan, the Supplemental Agreement, and the Proof of Claim and Release also are preliminarily approved as within the range of reasonableness, fairness, and adequacy.

10. All proceedings in this Action as to Defendants, other than such proceedings as may be necessary to implement the proposed Settlement or to effectuate the terms of the Settlement Agreement, are hereby stayed and suspended until further order of this Court.

11. All Class Members and their legally authorized representatives, unless and until they have submitted a valid request for exclusion from the Settlement Class (hereinafter, "Request for Exclusion"), are hereby preliminarily enjoined: (i) from filing, commencing, prosecuting, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class

certification in a pending action), based on the Released Claims; and (iii) from attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on the Released Claims.

12. Within forty-five (45) days after entry of this Order, the Settlement Administrator shall cause copies of the mailed notice, in the form (without material variation) of Exhibit 3 to the Joint Declaration of Vincent Briganti, Esq. and Karen M. Lerner, Esq., dated September 22, 2021 ("Joint Decl."), to begin being mailed by United States first class mail, postage prepaid, as described in the proposed notice program attached to the Declaration of Linda V. Young, dated September 22, 2021. Joint Decl. Ex. 2. The foregoing mailings shall be completed no later than sixty (60) days after the date of the entry of this Order.

13. Commencing no later than forty-five (45) days after entry of this Order, the Settlement Administrator shall cause to be published a publication notice, without material variation from Exhibit 4 to the Joint Decl., as described in the proposed notice program attached to the Declaration of Linda V. Young. Joint Decl. Ex. 2. All reasonable Notice and Administration Costs up to $500,000 shall be paid as set forth in the Settlement Agreement without further order of the Court. Any Notice and Administration Costs in excess of $500,000 may be paid from the Settlement Fund only with the approval of the Court.

14. The Settlement Administrator shall maintain a Settlement website, www.treasuryfuturesclassactionsettlement.com, beginning on the first date of mailing notice to the Class and remaining until the termination of the administration of the Settlement. The website shall include copies of the Settlement Agreement (including exhibits), this Order, the mailed and publication notices, the motion for preliminary approval and all exhibits attached thereto, and the Distribution Plan, and shall identify important deadlines and provide answers to frequently asked

questions. The website may be amended as appropriate during the course of the administration of the Settlement.

15. The Settlement Administrator shall maintain a toll-free interactive voice response telephone system containing recorded answers to frequently asked questions, along with an option permitting callers to speak to live operators or to leave messages in a voicemail box.

16. The Court approves, in form and substance, the mailed notice, the publication notice, and the website as described herein. The Class Notice plan specified herein: (i) is the best notice practicable; (ii) is reasonably calculated, under the circumstances, to apprise Class Members of the pendency and status of this Action and of their right to participate in, object to, or exclude themselves from the proposed Settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the Fairness Hearing; and (iv) fully satisfies all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, Due Process and any other applicable rules or laws.

17. At least sixty (60) days prior to the Fairness Hearing, the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the notice provisions in paragraphs 12-15 of this Order.

18. Any Class Member and any governmental entity that objects to the fairness, reasonableness, or adequacy of any term or aspect of the Settlement, the application for attorneys' fees and expenses or incentive awards, or the Final Approval Order and Final Judgment, or who otherwise wishes to be heard, may appear in person or by his or her attorney at the Fairness Hearing and present evidence or argument that may be proper and relevant. However, except for good cause shown, no person other than Class Counsel and JPMorgan's counsel shall be heard and no papers, briefs, pleadings, or other documents submitted by any Class Member or any governmental

entity shall be considered by the Court unless, not later than forty-five (45) days prior to the Fairness Hearing, the Class Member or the governmental entity files with the Court (and serves the same on or before the date of such filing by hand or overnight mail on Class Counsel and counsel of record for JPMorgan) a statement of the objection, as well as the specific legal and factual reasons for each objection, including all support that the objecting Class Member or the governmental entity wishes to bring to the Court's attention and all evidence the objecting Class Member or governmental entity wishes to introduce in support of his, her, or its objection or motion. Such submission must contain: (1) the name, address, and telephone number of the Person or entity objecting and must be signed by the objector (an attorney's signature is not sufficient); (2) a heading that refers to this Action by case name and case number (*In re JPMorgan Treasury Futures Spoofing Litigation,* Case No. 1:20-cv-03515 (PAE) (S.D.N.Y.)); (3) a statement of the Class Member's objection or objections, and the specific legal and factual basis for each objection argument, including a description of any and all evidence the objecting person or entity may offer at the Fairness Hearing, including but not limited to the names, addresses, and expected testimony of any witnesses; and all exhibits intended to be introduced at the Fairness Hearing; (4) whether the objection applies only to the objecting Person, a specific subset of the Class or the entire Class; (5) documentary proof of the objecting Person's membership in the Settlement Class; (6) a statement of whether the objecting Person or entity intends to appear at the Fairness Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, address, telephone number, and email address; (7) a description of the U.S. Treasury Futures or Options on U.S. Treasury Futures transactions entered into by the objecting Person or entity that fall within the Settlement Class definition (including, for each transaction, the identity of the broker, the date of the transaction, the type of the transaction, the counterparty (if any), any

transaction identification numbers, the rate, and the notional amount of the transaction); and (8) a list of other cases in which the objector or counsel for the objector has appeared either as an objector or counsel for an objector in the last five years. Persons who have timely submitted a valid Request for Exclusion are not Class Members and are not entitled to object.

19. Any objection to the Settlement submitted by a Class Member pursuant to paragraph 18 of this Order must be signed by the Class Member (or his, her, or its legally authorized representative), even if the Class Member is represented by counsel. The right to object to the proposed Settlement must be exercised individually by a Class Member or the Person's attorney, and not as a member of a group, class, or subclass, except that such objections may be submitted by a Class Member's legally authorized representative.

20. All objectors shall make themselves available to be deposed by any Party in the Southern District of New York or the county of the objector's residence or principal place of business within seven (7) days of service of the objector's timely written objection.

21. Any Class Member or governmental entity that fails to object in the manner described in paragraphs 18-20 of this Order shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this or any other action or proceeding related to or arising out of the Settlement. Discovery concerning any purported objections to the Settlement shall be completed no later than fourteen (14) days before the Fairness Hearing. Class Counsel, JPMorgan's counsel, and any other Persons wishing to oppose timely-filed objections in writing may do so not later than five (5) days before the Fairness Hearing.

22. Any Request for Exclusion from the Settlement by a Class Member must be sent in writing by U.S. first class mail (or, if sent from outside the U.S., by a service that provides for

guaranteed delivery within five (5) or fewer calendar days of mailing) to the Settlement Administrator at the address in the mailed notice and received no later than forty-five (45) days before the Fairness Hearing (the "Exclusion Bar Date"). Any Request for Exclusion must contain the following information:

   (a) the name, address, and telephone number of the Person or entity seeking exclusion, and in the case of entities, the name and telephone number of the appropriate contact person;

   (b) a statement that such Person or entity requests to be excluded from the Settlement Class in this Action *In re JPMorgan Treasury Futures Spoofing Litig.*, Case No. 20-cv-03515 (PAE) (S.D.N.Y.); and

   (c) documents sufficient to prove membership in the Settlement Class, as well as proof of authorization to submit the Request for Exclusion if submitted by an authorized representative.

A Class Member seeking to exclude himself, herself or itself from the Settlement Class are also requested to provide either: (i) documentation evidencing all eligible trading in U.S. Treasury Futures or Options on U.S. Treasury Futures during the Class Period (including contract traded, date(s) and price(s) at which position acquired and subsequently closed out, and trade volume), or (ii) such Class Member's tag50 ID(s) and an executed waiver and request to the CME Group to unmask such Class Member's account information for verification.

   23. Any Request for Exclusion from the Settlement submitted by a Class Member pursuant to paragraph 22 of this Order must be signed by the Class Member (or his, her, or its legally authorized representative), even if the Class Member is represented by counsel. The right to be excluded from the proposed Settlement must be exercised individually by a Class Member or his, her, or its attorney, and not as a member of a group, class, or subclass, except that a Request for Exclusion may be submitted by a Class Member's legally authorized representative. A Request for Exclusion shall not be effective unless it provides all of the required information listed in paragraph 22 of this Order, complies with this paragraph 23, and is received by the Exclusion Bar

Date, as set forth in the Class Notice. The Parties may seek discovery, including by subpoena, from any Class Member who submits any Request for Exclusion limited to information the Parties require for purposes of determining whether the confidential provision setting forth certain conditions under which the Settlement may be terminated if potential Class Members who meet certain criteria exclude themselves from the Settlement Class has been triggered.

24. Any Class Member who does not submit a timely and valid written Request for Exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in the Action, even if the Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims, and even if such Class Member never received actual notice of the Action or the proposed Settlement.

25. The Settlement Administrator shall promptly log each Request for Exclusion that it receives and provide copies of the log or Request for Exclusion to Class Counsel and JPMorgan's counsel as requested.

26. The Settlement Administrator shall furnish Class Counsel and counsel for JPMorgan with copies of any and all objections, notices of intention to appear, and other communications that come into its possession (except as otherwise expressly provided in the Settlement Agreement) within one (1) Business Day of receipt thereof.

27. Within five (5) Business Days following the Exclusion Bar Date, the Settlement Administrator shall prepare an opt-out list identifying all Persons, if any, who submitted a timely and valid Request for Exclusion from the Settlement Class, as provided in the Settlement Agreement, and an affidavit attesting to the accuracy of the opt-out list. The Settlement Administrator shall provide counsel for JPMorgan and Class Counsel with copies of any Requests for Exclusion (including all documents submitted with such requests) and any written revocations

of Requests for Exclusion as soon as possible after receipt by the Settlement Administrator and, in any event, within one (1) Business Day after receipt by the Settlement Administrator and, in no event, later than five (5) Business Days after the Exclusion Bar Date. Class Counsel shall file the opt-out list and affidavit of the Settlement Administrator attesting to the accuracy of such list with the Court.

28. All Proofs of Claim and Release shall be submitted by Class Members to the Settlement Administrator as directed in the mailed notice and must be postmarked no later than thirty (30) days after the Fairness Hearing.

29. To effectuate the Settlement and the notice provisions, the Settlement Administrator shall be responsible for: (a) establishing a P.O. Box (to be identified in the mailed notice and the publication notice), a toll-free interactive voice response telephone system and call center, and a website for the purpose of communicating with Class Members; (b) effectuating the Class Notice plan, including by running potential Class Members' addresses through the National Change of Address Database to obtain the most current address for each person; (c) accepting and maintaining documents sent from Class Members, including Proofs of Claim and Release, and other documents relating to the Settlement and its administration; (d) administering claims for allocation of funds among Class Members; (e) determining the timeliness of each Proof of Claim and Release submitted by Class Members, and the adequacy of the supporting documents submitted by Class Members; (f) corresponding with Class Members regarding any deficiencies in their Proofs of Claim and Release and regarding the final value of any allowed claim; (g) calculating each Authorized Claimant's allowed claim pursuant to the Distribution Plan; (h) determining the timeliness and validity of all Requests for Exclusion received from Class Members; (i) preparing the opt-out list and an affidavit attaching and attesting to the accuracy of

such list, and providing same to Class Counsel and counsel for JPMorgan; and (j) providing Class Counsel and counsel for JPMorgan with copies of any Requests for Exclusion (including all documents submitted with such requests).

30. The Settlement Administrator shall maintain a copy of all paper communications related to the Settlement for a period of one (1) year after distribution of the Net Settlement Fund and shall maintain a copy of all electronic communications related to the Settlement for a period of three (3) years after distribution of the Net Settlement Fund, after which time all such materials shall be destroyed, absent further direction from the Parties or the Court.

31. The Court preliminarily approves the establishment of the Settlement Fund defined in the Settlement Agreement (the "Settlement Fund") as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

32. The Court appoints Citibank, N.A. to act as Escrow Agent for the Settlement Fund.

33. Neither the Settlement Agreement (nor any of its exhibits), whether or not it shall become Final, nor any negotiations, documents, and discussions associated with it, nor the Final Approval Order and Final Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by the Defendants or any Released Party; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Person; (d) the existence or amount of any manipulation of the market for U.S. Treasury Futures or Options on U.S. Treasury Futures and the prices of U.S. Treasury Futures or Options on U.S. Treasury Futures; or (e) the propriety of certification of a class other than solely for purposes of the Settlement. Further, neither the Settlement Agreement (including its exhibits), whether or not it

11

shall become Final, nor any negotiations, documents, and discussions associated with it, nor the Final Approval Order and Final Judgment, may be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, whether by the Settlement Class or any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action in which such documents are asserted as a defense. All rights of Defendants and Class Plaintiffs are reserved and retained if the Settlement does not become Final in accordance with the terms of the Settlement Agreement.

34. Class Counsel shall file their motions for payment of attorneys' fees and reimbursement of expenses, incentive awards, and for final approval of the Settlement at least sixty (60) days prior to the Fairness Hearing; and reply papers, if any, shall be filed no later than five (5) days before the Fairness Hearing.

35. If the Settlement is approved by the Court following the Fairness Hearing, a Final Approval Order and Final Judgment will be entered as described in the Settlement Agreement.

36. The Court may, for good cause, extend any of the deadlines set forth in this Order without notice to Class Members, other than that which may be posted at the Court or on the Settlement website, www.treasuryfuturesclassactionsettlement.com.

37. In the event that the Settlement is terminated in accordance with its provisions, such terminated Settlement Agreement and all proceedings had in connection therewith, including but not limited to all negotiations, documents, and discussions associated with it, and any Requests for Exclusion from the Settlement previously submitted and deemed to be valid and timely, shall be null and void and be of no force and effect, except as expressly provided to the contrary in the Settlement Agreement, and shall be without prejudice to the *status quo ante* rights of the Parties.

38.     If the Settlement is terminated or is ultimately not approved, the Court will modify any existing scheduling order to ensure that the Parties will have sufficient time to prepare for the resumption of litigation.

39.     Unless otherwise specified, the word "days," as used herein, means calendar days. In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first Business Day thereafter.

**IT IS SO ORDERED.**

Signed this 9th day of December, 2021, at the Courthouse for the United States District Court for the Southern District of New York.

*Paul A. Engelmayer*

The Honorable Paul A. Engelmayer
United States District Judge